■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK LEWIS, Appellant. [605 NYS2d 587] —Judgment unanimously affirmed. Memorandum: The court properly denied defendant's motion to suppress. On March 12, 1991, police officers executed a search warrant at an apartment on East

Ferry Street. The warrant also authorized search of the person of the occupant, described as a black male, age 35, 6 foot 1 inch, thin, with a "short bush", mustache and dark complexion. At the suppression hearing, a police officer testified that when he entered the apartment he saw defendant, who "approximately" fit the description in the warrant, run down the hall and enter a bathroom. He followed defendant and saw him attempt to jump from the bathroom window. Defendant hit the screen and fell back into the bathroom, whereupon the officer grabbed defendant and placed him on the floor. Defendant then dropped a bag of white powder rock from his hand. The officer believed it to contain cocaine and arrested defendant.

Defendant argues that, because he was pursued and seized based on the description of the black male in the search warrant, he has standing to contest the warrant on the ground that the description lacks sufficient particularity. The suppression court properly found that defendant lacks standing to challenge the search warrant. That warrant was not executed against him because he was not searched pursuant to it. He therefore lacks standing to challenge its sufficiency. The existence of the warrant to search a person whose description defendant approximately fit provided reasonable suspicion to justify forcibly stopping and detaining defendant. Once the police detained him and he dropped the contraband, the police had probable cause to arrest him. (Appeal from Judgment of Supreme Court, Erie County, Kubiniec, J.—Criminal Possession Controlled Substance, 7th Degree.) Present—Denman, P. J., Callahan, Pine, Doerr and Boehm, JJ.